IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROGER C. DAY, JR., | |
| Petitioner | |
| VS. | NO. 5:06-CV-52 (CAR) |
| HILTON HALL, Warden, and MILTON NIX, Chairman, Board of Pardons and Paroles | PROCEEDING UNDER 28 U.S.C. §2254 BEFORE THE U.S. MAGISTRATE JUDGE |
| Respondents | |

## RECOMMENDATION

Petitioner ROGER C. DAY, JR. has filed a petition herein seeking federal habeas corpus relief. Tab #1. Respondents HILTON HALL, Warden of Central State Prison, and MILTON NIX, Chairman of the Georgia Board of Pardons and Paroles, have filed a MOTION TO DISMISS this petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #5. The respondents' motion is supported by a Brief and other documentation (Tab #7). After being advised of his right to do so (Tab #9), petitioner DAY filed a Response to the respondents' Motion (Tab #11)[1].

Under the provisions of the AEDPA, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

*(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

---

[1] It is noted that the undersigned had submitted an earlier Recommendation (Tab #10) on this matter before the clerk received the petitioner's timely response to the respondents' Motion. That recommendation has been vacated (Tab #12).

> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

The undersigned finds the respondent's analysis of the application of the one-year limitation period to petitioner's case to be persuasive.  The court agrees that petitioner was denied parole on August 9, 1996, which gave the petitioner the factual predicate for his claim at that time;[2] that the one-year limitation period under the AEDPA began to run when the petitioner was first denied parole; and that petitioner DAY filed his petition on February 3, 2006 – well after the deadline for seeking federal habeas corpus relief had expired. Thus, petitioner DAY exceeded the one-year period of limitations and his federal petition is untimely filed.

The petitioner's Response fails to address the respondents' argument that the factual predicate for his claim was present in 1996.  Instead he complains that his case has been tossed between the federal and state courts with the courts dismissing the petition based on lack of exhaustion and *res judicata* respectively, which is a paradox.  However, since the petitioner has shown no reason why his factual predicate did not begin in 1996, he has also shown no reason why the statute of limitations for federal habeas corpus relief should not have expired in 1997.

---

[2] Although petitioner has subsequently been denied parole, the Eleventh Circuit has ruled that subsequent denials of parole do not involve separate factual predicates and therefore do not warrant separate statues of limitation calculations.  *Brown v. Ga. Bd. Of Pardons and Paroles*, 335 F. 3d 1259, 1262 (11th Cir. 2003).

Accordingly, IT IS RECOMMENDED that the instant Petition be **DENIED** as untimely. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.  The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 10th day of MAY, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE