IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ROGER C. DAY,

    Petitioner

VS.

HILTON HALL, Warden, and
MILTON BUDDY NIX, Chairman of the
Georgia Board of Pardons & Paroles,

    Respondents

**NO. 5:06-CV-52 (MTT)**

**PROCEEDINGS UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE**

## RECOMMENDATION

Before the court is Roger C. Day, Jr.'s petition seeking habeas corpus relief. Tab #1. Therein, he has sued Warden Hilton Hall and Chairman of the Georgia Board of Pardons and Paroles Milton Buddy Nix asserting five (5) grounds for relief. The respondents have responded to the petitioner's claims. Tab #7. After careful consideration, the undersigned recommends that this petition be **DENIED**.

### PROCEDURAL BACKGROUND

On March 5, 1990, in the Superior Court of DeKalm County, Georgia, petitioner Day was convicted of two (2) counts of rape, four (4) counts of burglary, and one (1) count of aggravated assault. He received life sentences for each of the rape counts and sentences of twenty (20) years for each of the five other counts. Moreover, the sentences were to run consecutively. The petitioner appealed. Thereafter, his convictions and sentences were upheld. *See Day v. State*, 203 Ga. App. 186 (1992).

On April 27, 1996, pursuant to O.C.G.A. § 42-9-45(b), petitioner Day became eligible for parole. After consideration, the Georgia Board of Pardons and Paroles voted to deny the petitioner parole. In addition, and based upon their collective conclusion that granting the petitioner parole would be unlikely for at least eight years, reconsideration of the issue was set for an unspecified date before the end April, 2004. The petitioner was notified of these decisions in a letter dated August 9, 1996.

In March of 2004, petitioner Day was once again considered for parole. On April 1, 2004, the Parole Board denied the petitioner parole and, citing the same rationale as was used in their August 9, 1996 letter, set reconsideration for an unspecified time during 2012. On April 18, 2004, unhappy with this outcome, petitioner Day filed an administrative appeal and a petition for judicial review of the Parole Board's decisions in the Superior Court of Fulton County, Georgia. The petition for judicial review was denied on May 20, 2004.

On February 17, 2005, petitioner Day filed a habeas corpus petition in this court (**Day I**). *See* 5:05-CV-54 (CAR). On April 20, 2005, the respondents in **Day I** filed a motion seeking dismissal alleging lack of exhaustion. 5:05-CV-54 (CAR) - Tab #7. On May 31, 2005, during the pendency the respondents' motion seeking dismissal and in an apparent attempt to fully exhaust his state remedies, petitioner Day sought a writ of mandamus against the Parole Board in state court. His request for mandamus was denied by the state court on February 3, 2006. On June 24, 2005, before any decision on the petitioner's state mandamus action had been made, and after concluding that petitioner Day had, in fact, failed to exhaust his state remedies, this court dismissed **Day I** without prejudice. 5:05-CV-54 (CAR) - Tab #7. On December 8, 2008, after an unsuccessful attempt for relief from judgment pursuant to Rule 60(b), the petitioner appealed. *See Day v. Benton,* 346 Fed.Appx. 476 (11th Cir. 2009). On September 24, 2009, in an unpublished opinion, the dismissal was affirmed. *Id.*

On February 3, 2006, while the appeal of the decision in **Day I** was still pending, petitioner Day executed the instant habeas corpus petition. Tab #1. On March 21, 2006, the respondents filed a motion seeking dismissal alleging that the instant petition was untimely filed. Tab #8. On October 16, 2006, this court agreed, granted the respondents' motion, and dismissed the instant petition. Tab #15. The petitioner appealed. See *Day v. Hall*, 528 F.3d 1315 (11th Cir. 2008).

Upon review, the Eleventh Circuit Court of Appeals determined that the petitioner's April 18, 2004 petition for judicial review would be classified as a petition for a writ of mandamus. Thus, the time during which the April 18, 2004 petition was pending served to toll the period of limitations. In addition, the appellate court also considered the petitioner's second state petition for mandamus as a tolling event. Consequently, and after selecting and using a different starting date than was used by this court to determine whether or not the petition was time barred, the appellate court concluded that instant federal habeas petition was, by a period of three (3) days, timely filed. *Id.* Accordingly, in an opinion dated May 29, 2008, the dismissal was reversed and the petition remanded.

On August 14, 2008, the above opinion was received and filed in the record of this case. Tab #30. On June 12, 2009, and because the petitioner's appeal of **Day I** was still pending, the undersigned stayed consideration of the instant petition pending resolution of the appeal in order to avoid any potentially unnecessary or duplicative proceedings. Tab #37. As was noted above, the Eleventh Circuit's opinion in **Day I**, was received on October 27, 2009. Asa result, and in addition to declaring that the instant petition was timely filed and the grounds raised therein exhausted, the opinion operated to lift the stay in proceedings.

## **LEGAL STANDARDS**

Pursuant to the provisions of 28 U.S.C. § 2254(d), this court will not grant relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

**DISCUSSION**

In his petition, petitioner Day begins by emphatically declaring that this action <u>does not involve the validity of the his convictions and sentences</u>. He then explains that the purpose of the petition is to contest the propriety of the Georgia Board of Pardons and Paroles April 1, 2004 decision denying him parole by finding that his release "would not be compatible with the welfare of society due to the severe nature of the offense(s) for which [he] was convicted." Thereafter, he enumerates five (5) grounds, each of which he believes entitle him to habeas corpus relief.

In each of the enumerated grounds, the petitioner essentially argues that the Parole Board's April 1, 2004 decision violates his constitutional rights by depriving him of equal protection and due process. In support, petitioner Day avers that, contrary to the requirements of O.C.G.A. Title 42 Chapter 9, the Parole Board has failed and/or refused to adopt parole eligibility requirements for inmates who, like himself, are serving parolable life sentences. Consequently, the petitioner concludes that the Parole Board's decision in his case is invalid, arbitrary and capricious, in excess of its statutory authority, and in violation of his constitutional rights.

In response, and after noting that the petitioner's claims hinge largely upon the veracity of the claim that the Parole Board's somehow failed to comply with Georgia law, the respondents focus their arguments on the pertinent statutory language cited by the petitioner in support of his requests for relief. In the respondents' view, the critical language at issue is found in O.C.G.A. § 42-9-45(a) which provides:

> The board *may* adopt and promulgate rules and regulations, not inconsistent with this chapter, touching all matters dealt with in this chapter, including, among others, the practice and procedure in matters pertaining to paroles, pardons, and remission of fines and forfeitures. The rules and regulations shall contain an eligibility requirement for parole which shall set forth the time when the automatic initial consideration for parole of inmates under the jurisdiction of the Department of Corrections shall take place and also the times at which periodic reconsideration thereafter shall take place. Such consideration shall be automatic, and no written or formal application shall be required. (*Emphasis added*).

According to the respondents, the "eligibility requirement" contained in the above excerpt involves setting forth a **time period** when an inmate may be **considered and reconsidered** for parole. In addition, and after noting that the operative language of the statute is permissive as opposed to mandatory, the respondents explain that the Parole Board *has* adopted rules and regulations pertaining to parole eligibility, including for those inmates who, like the petitioner, are serving life sentences. *See* Rules and Regulations of the State of Georgia, Rule 475-3.[1] They then point out that, under these rules, "an inmate serving a life sentence, for which parole is authorized by law, is automatically considered for parole on the date permitted by applicable constitutional or statutory law." Rule 475-3-.06(1). In addition, the respondents go on to point out that the rules also provide that "reconsideration of those inmates serving life sentences who have been denied parole shall take place at least every eight years." Rule 475-3-.05(2).

In view of the above, the respondents conclude that the petitioner is laboring under a misapprehension that the Parole Board is somehow <u>required</u> to adopt "criteria" which, if satisfied, would result in his mandatory automatic release from prison. According to the respondents, this is simply not the case. The undersigned agrees.

## **CONCLUSION**

After a careful review of the arguments of the parties, the record in this case, and the pertinent law, the undersigned first observes that there exists no constitutional or other inherent right for a convicted person to be paroled or otherwise conditionally released prior to the expiration of his or her valid sentence. U.S.C.A. Const. Amend. XIV. This fact notwithstanding, states may choose to establish a parole system. *Id.* When a state chooses to do so, the statutes enacted to establish such a system may also create and confer a protected liberty interest in parole for and upon the state's inmates. Determining whether or not such a right has been created requires an examination of the legislative intent for, and the specific language of, the subject statutes.

---

[1] The Rules and Regulations of the State of Georgia are accessible via the Georgia Secretary of State's website, http://sos.ga.gov/.

5

For purposes of this recommendation, however, no such examination is necessary. This is because, in a case consisting of claims and arguments closely analogous to those proffered by petitioner Day, such an examination has already been completed. See *Sultenfuss v. Snow*, 35 F.3d 1494 (11th Cir. 1994). In *Sultenfuss*, following a detailed and exhaustive analysis of Georgia's parole statutes, the Eleventh Circuit unequivocally concluded that Georgia's parole system <u>does not create a constitutionally protected liberty interest</u>. *Id.* Indeed, the court went so far as to say that, rather than creating a presumption of parole as would be necessary in order to establish a liberty interest, Georgia's system actually creates a presumption against parole. *Id.* at 1502.

Consequently, and in view of the fact that the existence of such a right would be necessary in order to grant the petitioner's demands for habeas corpus relief, it appears that the instant 28 U.S.C. §2254 petition is without merit. Accordingly, **IT IS RECOMMENDED** that the petition of Roger C. Day, Jr. for relief under the provisions of 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 3rd day of AUGUST, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE